# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WYNN'S EXTENDED CARE, INC.**

                    Plaintiff,

    v.                                                            **Case No. 06-C-62**

**JON C. HOHMAN, JON C. HOHMAN CO., INC.,
d/b/a MIDLAND WARRANTY, FREDERIC J. HOHMAN,
FREDERIC J. and JON C. HOHMAN
d/b/a HOHMAN COMPANY,
JON HOHMAN d/b/a HOHMAN COMPANY,**

                    Defendants.

## DECISION AND ORDER

This matter comes before the Court on plaintiff's motion for default judgment. On March 6, 2007, the Court granted plaintiff's motion to compel discovery responses and initial disclosures. Defendants failed to comply with the Court's order.

Default judgment is an appropriate sanction for failure to comply with an order pertaining to discovery. *See* Fed. R. Civ. P. 37(b)(2)(C). Default judgment should not be entered absent a finding of willfulness, bad faith or fault on the part of the defaulted party. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). A court need not impose a lesser sanction prior to entering the default judgment sanction. *See Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987) (court "is not required to fire a warning shot" prior to issuing default judgment as a sanction).

Default judgment is an appropriate sanction in the instant case. Defendants are not interested in responding to discovery requests or complying with the Court's orders regarding

discovery. Defendants are clearly at fault, and a less severe sanction is unlikely to inspire compliant conduct.

However, one of the defendants (Jon C. Hohman) recently filed a Chapter 11 bankruptcy petition. (Docket No. 33, 34). Accordingly, this matter will be stayed with regard to Jon C. Hohman, and default judgment will be entered against the remaining defendants.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for default judgment [Docket No. 36] is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of the plaintiff against all of the above-captioned defendants except for Jon C. Hohman in the amount of $83,791.91, plus interest and costs.

2. Plaintiff's request for an award of reasonable costs, including attorney's fees, incurred as a result of the defendants' failure to respond to discovery requests is **GRANTED**; and

3. This matter is **STAYED** with respect to Jon C. Hohman and **CLOSED** for administrative purposes.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2007.

          **SO ORDERED,**

          **s/Rudolph T. Randa**
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**